# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONNA K. SHARLOFSKY,
                Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
PH-844E-13-0463-I-1

DATE: August 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donna K. Sharlofsky</u>, Summerton, South Carolina, pro se.

<u>Thomas L. Styer</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed its reconsideration decision that denied the appellant's application for Federal Employees' Retirement System (FERS) disability retirement benefits. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        In May 2012, the appellant filed a disability retirement application under FERS based on rheumatoid arthritis and back pain. *See* Initial Appeal File (IAF), Tab 5 at 26-27. OPM denied her application in initial and reconsideration decisions. *See id.* at 4-6 (reconsideration decision), 20-23 (initial decision). The appellant filed a Board appeal, and a hearing was held. IAF, Tab 1; Hearing CD. The administrative judge issued an initial decision, in which she reversed OPM's reconsideration decision and found that the appellant was entitled to disability retirement benefits. IAF, Tab 16, Initial Decision (ID). OPM filed a petition for review, and the appellant filed a brief response. Petition for Review (PFR) File, Tabs 1, 3. In its petition, OPM asserts that: (1) there is a dearth of medical evidence to support the appellant's subjective complaints of disability prior to her resignation; (2) the administrative judge ignored certain conflicting evidence and misapplied the law in considering the appellant's post-separation medical

evidence; and (3) the issues of accommodation and reassignment are moot because the appellant failed to establish a disabling medical condition.  We have considered OPM's arguments on review, but none warrant a different outcome.

¶3        On review, OPM asserts that there is "no evidence showing any disability prior to [the appellant's] resignation," and it contends that the administrative judge's analysis was inconsistent with *Newkirk v. Office of Personnel Management*, 101 M.S.P.R. 667 (2006), *Caponetto v. Office of Personnel Management*, 12 M.S.P.R. 330 (1982), and *Shanoff v. Office of Personnel Management*, 103 M.S.P.R. 549 (2006), because there was no competent medical evidence to support and corroborate her claim of disability.  PFR File, Tab 1 at 5 (emphasis in original).  OPM acknowledges, however, that the appellant produced a May 17, 2012 medical report, which predated her resignation.  *Id.*  This report stated, among other things, that:  (1) the appellant was a patient since 2009; (2) she was diagnosed with rheumatoid arthritis in 2002; (3) she has pain in her ankle, back, knee, shoulder, and arm; (4) her range of motion decreased due to chronic pain; (5) she was in a motor bike accident in 2011, which resulted in two broken vertebrae and a fractured right forearm; (6) she was given anti-inflammatories and pain medications but they did not help her pain; (7) she cannot sit or stand for longer than 45 minutes or "type in a continuous manner due to pain"; and (8) she was not recommended to work "[g]iven the progression of the arthritis."  IAF, Tab 5 at 38-39.  Moreover, the appellant testified, credibly and without contradiction, regarding the progression of her rheumatoid arthritis and back condition, her pain and physical limitations, her inability to perform virtually any of her Supply Technician duties, and her attempts to obtain additional medical records from her doctors to support her disability retirement application.  Hearing CD.

¶4        We find that the May 17, 2012 report constitutes competent medical evidence to support the appellant's application for disability retirement.  *See Vanieken-Ryals v. Office of Personnel Management*, 508 F.3d 1034, 1041 (Fed.

Cir. 2007) ("[A]n applicant may prevail based on medical evidence that . . . consists of a medical professional's conclusive diagnosis, even if based primarily on his/her analysis of the applicant's own descriptions of symptoms and other indicia of disability."). Importantly, the Board has held that medical conclusions based on a long familiarity with a patient are of greater weight than those based on a brief association. *Tan-Gatue v. Office of Personnel Management*, 90 M.S.P.R. 116, ¶ 11 (2001), *aff'd*, 52 F. App'x 511 (Fed. Cir. 2002). The May 17, 2012 medical report was written by a doctor who had seen the appellant for 3 years, and the appellant testified that she saw him almost monthly prior to her resignation. *See* IAF, Tab 5 at 38-39; Hearing CD.

¶5        OPM also claims that the initial decision was inconsistent with *Rapp v. Office of Personnel Management*, 108 M.S.P.R. 674 (2008), which required the Board to consider contrary or conflicting medical evidence. *See* PFR File, Tab 1 at 5-6. In this regard, OPM notes that the appellant certified that she was unable to walk or stand due to her medical condition, but the June 4, 2013 medical report states that the appellant is able to "walk and <u>hike</u> without any complaints," her gait is "normal," and the doctor advised the appellant to "Turn Your Walk Into a Workout." *Id.* at 6 (emphasis in original). *Compare* IAF, Tab 5 at 26 (the appellant's application), *with* IAF, Tab 12 (the June 4, 2013 report).

¶6        The administrative judge did not note these portions of the June 4, 2013 report in the initial decision. However, the administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). We have considered these alleged inconsistencies, but they do not warrant a different outcome. For instance, the appellant does not state in her application for disability retirement that she was unable to walk or stand at all; rather, she asserted that she has "difficulty walking" and she was "unable to sit or stand for long periods of time." IAF, Tab 5 at 26.

¶7        The June 4, 2013 report states that the appellant "[e]xercises regularly-walks three times a day with dog," "can hike without [shortness of breath]," and, in the "Pt Education" section, states "Turn Your Walk Into a Workout." *See* IAF, Tab 12.  However, the appellant testified that the "walk" with the dog involved going into her backyard for 10 minutes, and she stated that her backyard is a flat surface.  Hearing CD.  She also testified that she did not tell the doctor that she participates in hiking; rather, she stated that, while she used to exercise and hike, she was no longer able to exercise at all, and she explained that even physical therapy was "too hard on [her] hands" and it "upped" her blood pressure.  *Id.*  In her response to the petition for review, the appellant states that the reference to "Turn Your Walk Into a Workout" was a flyer that the doctor gave to every patient.  *See* PFR File, Tab 3.  Finally, we find that the statement that the appellant's gait is "normal" is not inconsistent with her testimony or medical evidence supporting her claim of disability retirement.  For these reasons, we are not persuaded that this evidence calls into question the appellant's veracity.

¶8        OPM also contends that the administrative judge improperly considered post-separation evidence, i.e., the June 4, 2013 medical report.  *See* PFR File, Tab 1 at 6-7 (citing *Reilly v. Office of Personnel Management*, 571 F.3d 1372, 1381-83 (Fed. Cir. 2009)).  OPM asserts that this medical information is probative "**only if**" it links the condition to the time while the employee was covered under FERS, but the June 4, 2013 report does not satisfy this criteria:  it is over 1 year past her resignation date, it discusses conditions that are not the subject of her disability retirement application, and it discusses her condition after she resigned, not when she was in a position covered under FERS.  *Id.* (emphasis in original).

¶9        In *Reilly*, our reviewing court held that the Board erred in adopting a categorical rule barring consideration of post-retirement evidence.  *Reilly*, 571 F.3d at 1382.  Rather, the court noted that, "[w]here proximity in time, lay

testimony, or some other evidence provides the requisite link to the relevant period the subsequent medical evidence can be very probative of a prior disability." *Id.* Here, we find that the June 4, 2013 report has probative value because it corroborated the appellant's testimony regarding the pain and other disabling symptoms stemming from her rheumatoid arthritis that she was experiencing at the time of her resignation in May 2012.[2]

¶10　　　Finally, we are not persuaded by OPM's contention that the accommodation and reassignment issues are moot because the appellant did not prove that she had a disabling condition. PFR File, Tab 1 at 7-8. The administrative judge carefully considered the record evidence and concluded that the appellant met her burden in this regard. *See* ID at 8-12. We discern no reason to disturb her findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶11　　　We have considered OPM's assertion that the Supervisor Statement contradicts the Agency Certification of Reassignment and Accommodation Efforts, and that, pursuant to *Sucic v. Office of Personnel Management*, 64 M.S.P.R. 281 (1994), the appellant's supervisor's statement should be entitled to more weight. PFR File, Tab 1 at 7-8. *Compare* IAF, Tab 5 at 29-31 (the Supervisor Statement states that there was no record of a request from the appellant or document that a special accommodation was needed or that the appellant has a disability), *with id.* at 35-36 (the agency certified that "the medical evidence presented to the agency shows that accommodation is not possible due to severity of medical condition and the physical requirements of the

---

[2] We only consider the June 4, 2013 medical report as it relates to the conditions that the appellant identified in her disability retirement application, i.e., rheumatoid arthritis and back pain.

position" and that reassignment is not possible). The appellant, in her testimony, admitted that she did not recall if she made any written accommodation requests to her supervisor, but she testified without contradiction that the agency provided her with various accommodations, in the form of no travel, a special keyboard, and a foot stool. Hearing CD. She also testified that her supervisor was well aware of her condition, expressed concern to her about the toll that the condition was taking on her, and had even recommended that she stop working. *Id.*

¶12       In *Sucic*, 64 M.S.P.R. at 284-87, the Board determined that the testimony of the individuals who worked with the appellant "was entitled to greater weight than [the] statement in the Agency Certification that the Postal Service could not accommodate the appellant." In the initial decision, the administrative judge similarly determined that the Supervisor Statement was entitled to less weight in light of other evidence in the record, including the appellant's own testimony. *See* ID at 11-14. Although the administrative judge did not cite to *Hillen v. Department of the Army*, 35 M.S.P.R. 453 (1987), we note that the contradiction of one version of events by other evidence is a proper factor for making a credibility determination. *See Hillen*, 35 M.S.P.R. at 458. We therefore discern no error with the administrative judge's decision in this regard.

## ORDER

¶13     Based on the above reasons, we ORDER OPM to grant the appellant's application for disability retirement. OPM must complete this action no later than 20 days after the date of this decision.

¶14     We also ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. We ORDER the appellant to provide all necessary information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

¶15     No later than 30 days after OPM tells the appellant it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM.  *See* 5 C.F.R. § 1201.182(a).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has

held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.